**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:19-CR-00315-01** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **BRANDON KEITH HARRIS (01)** | **MAGISTRATE JUDGE HAYES** |

**MEMORANDUM ORDER**

Before the Court is a Motion to Reduce Sentence [Doc. No. 24] pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelines filed by Defendant, Brandon Keith Harris ("Harris"). The United States of America ("the Government") filed a response [Doc. No. 31]. For the reasons set forth herein, Harris's Motion is **DENIED**.

## I. BACKGROUND

On July 14, 2018, Harris committed burglary of Simmons Sporting Goods, stealing seven (7) firearms with a total value of $6,759.[1] When apprehended, Harris overpowered a female deputy and fled the scene.[2] On October 9, 2019, Harris was charged in a three-count indictment for possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) ("Count One"), illegal possession of stolen firearms in violation of 18 U.S.C. § 922(j) ("Count Two"), and theft of a firearm from a federal firearm licensee in violation of 18 U.S.C. § 922(u) ("Count Three").[3] Harris plead guilty to Count One, and on March 4, 2024, the Court imposed a term of imprisonment of 90

[1] [Doc. No. 1].
[2] [Doc. No. 30, p. 8, ¶ 8].
[3] [Doc. No. 1].

months, a term of supervised release of three years, and ordered payment of a special assessment of $100.[4] Harris did not appeal his sentence. On June 16, 2026, Harris filed the pending Motion.[5] In his Motion, he requests a reduction of sentence based upon retroactive Amendment 821 to the Federal Sentencing Guidelines.[6]

The issues have been briefed, and the Court is prepared to rule.

## II. LAW AND ANALYSIS

In Part A of Amendment 821 of the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in Section 4A1.1(e). The amended provision states:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

Thus, a person who otherwise presents 7 criminal history points or more now receives 1 additional "status" criminal history point, instead of 2. A person who otherwise presents 6 criminal history points or fewer receives no status points.

The application of this retroactive amendment to Harris would lower Harris's guidelines range from 84–105 months to 70−87 months due to Harris's criminal history being reduced from Category V to Category IV.[7]

Courts follow a two-step approach in determining whether to reduce a defendant's sentence pursuant to a retroactive United States Sentencing Guideline

[4] [Doc. Nos. 15, 21].
[5] [Doc. No. 24].
[6] [Id.].
[7] [Doc. No. 30].

amendment. *Dillon v. United States*, 560 U.S. 817, 827 (2010). The first step is to determine the defendant's eligibility for a sentence modification and the extent of the reduction authorized. *Id*. The second step is to consider any 18 U.S.C. § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the relevant policies is warranted in whole or in part under the particular circumstances of the case. *Id*.

### A. Step One

At step one, the Court finds, consistent with the Government's concession, that Harris is eligible for a sentence reduction under the amendment. Application of the amendment lowers Harris's criminal history category from V to IV and, correspondingly, reduces his guideline range from 84–105 months to 70–87 months.

### B. Step Two

In the second step, the Court finds that while Harris is eligible for a reduction, the 18 U.S.C. § 3553(a) factors do not support reducing his sentence. The "grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary." *United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998).

In this case, the instant offense was Harris's third burglary conviction.[8] Notably, the twelve-year sentence imposed for Harris's second burglary conviction did not deter him from committing a third burglary. Indeed, Harris committed the instant offense while still on parole for his second burglary conviction. Including the instant offense, Harris's criminal history reflects five felony convictions and four

---

[8] [Doc. No. 30, pp. 11,13, ¶¶ 30, 37].

misdemeanor convictions. In addition to his three burglary convictions, Harris was convicted of manufacturing and possessing a bomb.[9]

Additionally, during the instant burglary, Harris stole seven firearms, including one rifle and six pistols.[10] Harris's history also reflects that each time he was released on parole, his parole was subsequently revoked. And at the time of sentencing, Harris had pending charges for battery of a police officer and simple criminal damage to a police vehicle. Further, Harris incurred two disciplinary violations in March 2026 for being in an unauthorized area and possessing drugs or alcohol.[11] Moreover, the Court previously found, at the time of Harris's sentencing, that even if the guideline calculation in this case were determined to be incorrect, the Court would impose the same sentence.[12]

Accordingly, the Court, in its discretion, finds that 18 U.S.C. § 3553(a) factors do not warrant a sentence reduction.

## III. CONCLUSION

For these reasons,

**IT IS ORDERED** that Defendant Brandon Keith Harris's Motion to Reduce Sentence [Doc. No. 24] is **DENIED**.

[9] [Doc. No. 30, p. 11, ¶ 31].
[10] [Id. at p. 7].
[11] [Id. at p. 3].
[12] [Doc. No. 22, p. 4].

MONROE, LOUISIANA, this 4th day of September 2026.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE